1  Teresa C. Chow (SBN 237694)
   tchow@bakerlaw.com
2  Matthew D. Pearson (SBN 294302)
   mpearson@bakerlaw.com
3  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
4  Los Angeles, CA  90025-0509
   Telephone:   310.820.8800
5  Facsimile:   310.820.8859

6  Rodger L. Eckelberry (admitted *pro hac vice*)
   reckelberry@bakerlaw.com
7  Rand L. McClellan (admitted *pro hac vice*)
   rmcclellan@bakerlaw.com
8  Jacqueline K. Matthews (admitted *pro hac vice*)
   jmatthews@bakerlaw.com
9  **BAKER & HOSTETLER LLP**
   Capitol Square, Suite 2100
10 65 East State Street
   Columbus, OH  43215-4260
11 Telephone:   614.228.1541
   Facsimile:   614.462.2616
12
   Attorneys for Defendant
13 HARBOR FREIGHT TOOLS USA, INC.

14

15           **IN THE UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17                    **WESTERN DIVISION**

18
   TED SHIMONO, on behalf of          Case No.: 5:16-cv-01052 CAS (MRWx)
19 himself, all others similarly situated,   [Honorable Christina A. Snyder]
   and the general public,
20                                     **DEFENDANT HARBOR FREIGHT**
            Plaintiff,                **TOOLS USA, INC.'S NOTICE OF**
21                                     **MOTION AND MOTION TO**
       v.                             **DISMISS OR, IN THE**
22                                     **ALTERNATIVE, TO STRIKE**
   HARBOR FREIGHT TOOLS USA,
23 INC.,                              [Filed concurrently with (Proposed)
                                      Order]
            Defendant.
24                                    Date:        October 24, 2016
25                                    Time:        10:00 AM
                                      Ctrm:        5 - 2nd Floor
26
                                      Case Filed: May 20, 2016
27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   **TO THE HONORABLE COURT AND TO ALL PARTIES AND**
2   **THEIR COUNSEL OF RECORD:**
3   PLEASE TAKE NOTICE that on October 24, 2016, at 10:00 a.m., or as
4   soon thereafter as counsel may be heard, in Courtroom 5 of the above-entitled
5   Court, located at 312 North Spring Street, Los Angeles, California, HARBOR
6   FREIGHT TOOLS USA, INC. ("Harbor Freight") will, and hereby does, move the
7   Court for an order dismissing Plaintiff's Complaint in its entirety, or in the
8   alternative, striking impertinent and immaterial allegations from the Complaint
9   (the "Motion").
10   This Motion is based upon the instant Notice, the following Memorandum of
11   Points and Authorities, the papers and records on file or to be filed with the Court,
12   and the oral argument of counsel and such other evidence as may be presented at
13   the time of the hearing on the Motion.  The grounds for the Motion are that
14   Plaintiff lacks standing to pursue his claims under Fed. R. Civ. P. 12(b)(1), has
15   failed to state a claim upon which relief can be granted under Fed. R. Civ. P.
16   12(b)(6), and has made impertinent and immaterial allegations which should be
17   struck under Fed. R. Civ. P. 12(f).
18   This Motion is made following the conference of counsel pursuant to United
19   States District Court, Central District of California Local Rule 7-3, which took
20   place on July 8, 2016.
21
22   Dated:  July 15, 2016                Respectfully submitted,
23
24                                        BAKER & HOSTETLER LLP
25
26                                        By:   _/s/ Teresa C. Chow_
                                              Teresa C. Chow
27                                        Attorneys for Defendant
                                        HARBOR FREIGHT TOOLS USA, INC.
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................. 1

III.  ARGUMENT ................................................................................................. 3

    A.  Dismissal under Fed. R. Civ. P. 12(b)(1) ............................................ 3

        1.  Standard of Review ................................................................... 3

        2.  Plaintiff lacks standing because he has suffered no injury in fact. .......................................................................................... 4

    B.  Dismissal under Fed. R. Civ. P. 12(b)(6) ............................................ 5

        1.  Standard of Review ................................................................... 5

        2.  Plaintiff has failed to plead his claims with particularity. .......... 6

        3.  Plaintiff is not entitled to restitution because he has not alleged that the items he purchased were worth less than the price he paid for them. ................................................................ 7

        4.  Plaintiff is not entitled to compensatory damages because he has not plausibly alleged economic injury. ......................... 9

        5.  Plaintiff is not entitled to injunctive relief because he is now aware of Harbor Freight's pricing practices and is unlikely to shop at Harbor Freight in the future. .................................... 11

    C.  Striking Allegations under Fed. R. Civ. P. Rule 12(f) ...................... 12

        1.  Standard of Review ................................................................. 12

        2.  Allegations regarding items not purchased by Plaintiff .......... 13

        3.  Allegations regarding pricing representations not observed or relied upon by Plaintiff ...................................................... 15

        4.  Allegations of other purportedly deceptive conduct not encountered by Plaintiff ......................................................... 15

IV.   CONCLUSION ........................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Algarin v. Maybelline, LLC*,
　300 F.R.D. 444 (S.D. Cal. 2014) ................................................................ 11

*Ambassador Hotel Co. v. Wei-Chuan Inv.*,
　189 F.3d 1017 (9th Cir. 1999) ................................................................... 10

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................. 5, 11

*Bates v. United Parcel Serv., Inc.*,
　511 F.3d 974 (9th Cir. 2007) ................................................................. 7, 11

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................. 5, 11

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
　761 F. 3d 732 (7th Cir. 2014) .................................................................. 10

*Campion v. Old Republic Home Protection Co., Inc.*,
　861 F. Supp. 2d 1139 (S.D. Cal 2012) ..................................................... 11

*Cantrell v. City of Long Beach*,
　241 F.3d 674 (9th Cir. 2001) ..................................................................... 4

*Cattie v. Wal-Mart Stores, Inc.*,
　504 F. Supp. 2d 939 (S.D. Cal. 2007) ...................................................... 11

*Chowning v. Kohl's Dep't Stores, Inc.*,
　No. 15-08673, 2016 WL 1072129 (C.D. Cal. Mar. 15, 2016) ................. 8, 9

*Discovery Pier Land Holdings, LLC v. Visioneering Envision.design.build, Inc.*,
　No. CV1502590DDPAJWX, 2016 WL 777854 (C.D. Cal. Feb. 25, 2016) ................................................................................................................. 13

*eBay Inc. v. MercExchange, L.L.C.*,
　547 U.S. 388 (2006) ................................................................................. 12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

*Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*,
    528 U.S. 167 (2000) .................................................................................... 12

*In re iPhone 4s Consumer Litig.*,
    637 F. App'x 414 (9th Cir. 2014) ................................................................. 6

*Jacobo v. Ross Stores, Inc.*,
    No. CV-15-04701-MWF-AGR, 2016 WL 3482041 (C.D. Cal. Feb.
    23, 2016) ....................................................................................................... 6

*Johns v. Bayer Corp.*,
    No. 09CV1935 DMS (JMA), 2010 WL 476688 (S.D. Cal. Feb. 9,
    2010) ........................................................................................................... 14

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...................................................................... 6

*Kim v. Carter's Inc.*,
    598 F.3d 362 (7th Cir. 2010) ................................................................. 5, 10

*Luman v. Theismann*,
    No. 2:13-cv-00656-KJM-AC, 2014 WL 443960 (E.D. Cal., Feb. 4,
    2014) ........................................................................................................... 11

*Mulder v. Kohl's Dep't Stores, Inc.*,
    No. 15-11377-FDS, 2016 WL 393215 (D. Mass. Feb. 1, 2016) ............. 5, 10

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ........................................................................ 5

*Nunez v. Best Buy Co.*,
    2016 WL 3189197 (D. Minn. June 7, 2016) ................................................. 6

*Patera v. Citibank, N.A.*,
    79 F. Supp. 3d 1074 (N.D. Cal. 2015) .......................................................... 6

*Rice v. Sunbeam Products, Inc.*,
    No. CV 12-7923-CAS-AJWX, 2013 WL 146270 (C.D. Cal. Jan. 7,
    2013) ............................................................................................................. 6

*Sityar v. Wm. Wrigley Jr. Co.*,
    No. CV 10-5965 CAS (SSX), 2011 WL 13046850 (C.D. Cal. Mar.
    2, 2011) ......................................................................................................... 6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

*Sperling v. DSW Inc.*,
  No. EDCV151366JGBSPX, 2016 WL 354319 (C.D. Cal. Jan. 28,
  2016) .......................................................................................................... 6

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ........................................................... 3, 4, 5, 16

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ............................................................... 5

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ............................................................................... 3

*In re Tobacco Cases II*,
  240 Cal. App. 4th 779, 192 Cal. Rptr. 3d 881 (2015) ......................... 8

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .......................................................... 5, 6

*Warner v. Tinder Inc.*,
  105 F. Supp. 3d 1083, 1094 (C.D. Cal. 2015) ............................. 5, 9, 10

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ............................................................. 13

**Statutes**

Cal. Civ. Code § 1709 ........................................................................ 1, 9

Cal. Civ. Code § 1710(3) ......................................................................... 1

Cal. Civ. Code § 1780(a)(1) .................................................................... 9

Cal. Civ. Code § 3343(a) ....................................................................... 10

Cal. Civ. Code §§ 1750, *et seq.* ...................................................*passim*

Cal. Bus. & Prof. Code §§ 17500, *et seq.*.....................................*passim*

Cal. Bus. & Prof. Code §§ 17200, *et seq.*.....................................*passim*

**Rules**

Fed. R. Civ. P. 9(b)..................................................................... 6, 7, 15

Fed. R. Civ. P. 12(b)(1) ...................................................................... 3, 17

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

Fed. R. Civ. P. 12(b)(6) ........................................................................5, 17

Fed. R. Civ. P. 12(f).....................................................................12, 13, 17

**Constitutions**

Article III of the United States Constitution........................................3, 4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Plaintiff alleges that Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") advertised its goods with a misleading comparison "Regular" or "Comp. At" price adjacent to the item's current price. Plaintiff alleges that by doing so, Harbor Freight: (1) violated the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) violated the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (3) violated the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; and (4) committed Deceit by Suppression of Facts, Cal. Civ. Code §§ 1709, 1710(3).  Glaringly absent from Plaintiff's Complaint (Doc. #1), are any facts that, if true, would establish that Plaintiff (or any member of the putative class) suffered any injury.  The Complaint also suffers from multiple other deficiencies including Plaintiff's lack of standing, failure to plead fraudulent representations with particularity, and failure to plead any injury that could be addressed by restitution, injunctive relief, or damages.

Harbor Freight is entitled to dismissal of the Complaint in its entirety. Alternatively, even if Plaintiff's claims survive Harbor Freight's Motion to Dismiss, large portions of the Complaint must be struck because they contain allegations that are impertinent and immaterial to any injury allegedly suffered by Plaintiff.

## II.   STATEMENT OF FACTS.

Harbor Freight is a national retailer of tools, hardware, and shop equipment. (Compl. ¶ 5). According to Plaintiff's Complaint, Plaintiff visited a Harbor Freight store located in Murrieta, California and made purchases there an undetermined number of times, of an undetermined number of items, on unspecified dates, but over the period of June 2013 to March 2016. (Compl. ¶ 17). The purchases made by Plaintiff during this time allegedly include "security lights, tool bags, saw

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  horses, and numerous other tools and other merchandise from Defendant." (Compl.

2  ¶ 18).

3      However, Plaintiff alleges only approximate dates and price representations

4  for four items purchased between January and June of 2015. (Compl. ¶¶ 75-79).

5      The first alleged purchase was a solar security light, purchased "in or around

6  June 2015," for which Plaintiff alleges that the product advertising displayed a

7  strike-through price of "Only $59.99" and a current price of "Sale: $39.99."

8  (Compl. ¶ 75). The remaining three items were "protective tarps in different sizes"

9  "which ranged in size from 5'6" by 7' 6" to approximately 19' by 29'," which

10  were purchased "during the period of approximately January through June 2015"

11  and showed strike-through prices of "Only $6.99", "Only $8.99", and "Only

12  $39.99." (Compl. ¶¶ 78-79).

13      This is the sum total of Plaintiff's allegations related to the items he actually

14  purchased and the specific representations by Harbor Freight he observed and

15  relied upon in making those purchases. The remainder of Plaintiff's 37-page

16  Complaint is comprised of unsupported, conclusory allegations about Harbor

17  Freight's pricing practices; price history and price comparisons with other retailers

18  for products that Plaintiff does not allege he ever purchased; and extraneous

19  allegations of deceptive conduct (misleading representations of quality, misleading

20  coupon practices, or simultaneous advertising of multiple prices for the same item)

21  without any facts indicating that these allegations relate to Plaintiff. Notably,

22  Plaintiff does not allege any of the following:

23      •  the actual prices he actually paid for any of the items he purchased;

24      •  the allegedly deceptive "sale" price at which the three tarps he

25         purchased were offered for sale;

26      •  any facts supporting his allegations that the strike-through "Only"

27         prices for the items he purchased were not the prevailing market price

28         in the three months prior to Plaintiff's purchases;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

- that the items he purchased were worth less than the price he paid for them;

- that the items he purchased were of inferior quality;

- that any coupons were used in any of Plaintiff's transactions;

- that any of the items he purchased were simultaneously advertised at multiple prices; or

- that Plaintiff suffered any concrete injury.

The absence of such allegations and other deficiencies set forth below are fatal to Plaintiff's claims for violation of the UCL, FAL, and CLRA, and Deceit by Suppression of Facts.

## III.   ARGUMENT.

### A.   Dismissal under Fed. R. Civ. P. 12(b)(1).

#### 1.   Standard of Review.

Rule 12(b)(1) requires dismissal where a plaintiff has not established standing to sue under Article III of the United States Constitution. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998). To establish standing, the plaintiff must demonstrate that he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). At the pleading stage, the plaintiff must "clearly ... allege facts demonstrating" each element. *Id.*, quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

Injury in fact is the "[f]irst and foremost" of standing's three elements. *Id.*, quoting *Citizens for a Better Env't.*, 523 U.S. at 103. "Injury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Id.*, quoting *Raines v. Byrd*, 521 U.S. 811, 820, n. 3 (1997). Neither can more lenient state standing requirements relieve

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

3

litigants of the more stringent federal standards when state law claims are pursued in federal court. *Cantrell v. City of Long Beach*, 241 F.3d 674, 683 (9th Cir. 2001), citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 618 (1989).

### 2. Plaintiff lacks standing because he has suffered no injury in fact.

The Supreme Court recently confirmed that standing to pursue a claim in federal court under Article III of the United States Constitution requires the plaintiff to establish an injury in fact. *Spokeo*, 136 S. Ct. at 1547. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'" *Id.* at 1548, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). "A 'concrete' injury must be 'de facto'; that is, it must actually exist" and must be "'real,' and not 'abstract.'" *Id.* The Supreme Court expressly noted that a bare statutory violation cannot confer Article III standing unless the violation caused some attendant concrete injury. *Id.* at 1550.

Plaintiff has alleged no concrete injury. Plaintiff's Complaint states only that he made purchases at Harbor Freight, after observing allegedly misleading advertising, that he would not have made but for the alleged misrepresentations. (Comp. ¶¶ 69-87). As a result of these purchases, Plaintiff alleges that he was "damaged thereby economically," but provides no explanation as to how this course of events could possibly result in concrete harm. (Compl. ¶¶ 77, 83-84, 87).

Plaintiff's allegations of injury are conclusory for good reason: Plaintiff has not suffered an injury in fact. Plaintiff purchased items at a particular price offered by Harbor Freight and agreed to by Plaintiff. Plaintiff does not allege that the items he received were different in any way from those he sought to purchase, were of inferior quality, or, indeed, were *worth any less than the price he paid* for them. Plaintiff's only complaint is that he "believ[ed] that [he was] receiving substantial discounts on items of greater value than [he] actually [was]." (Compl. ¶ 87).

4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

But receiving less of a bargain than Plaintiff subjectively believed he was receiving does not create a concrete injury. See *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1094 (C.D. Cal. 2015); *Mulder v. Kohl's Dep't Stores, Inc.*, No. 15-11377-FDS, 2016 WL 393215, at *6 (D. Mass. Feb. 1, 2016); *Kim v. Carter's Inc.*, 598 F.3d 362, 366 (7th Cir. 2010). Plaintiff received the benefit of his bargain when he received the item he sought in exchange for the agreed-upon price. Any injury imagined by the Plaintiff in this scenario is of the "abstract" variety that is insufficient under *Spokeo* to confer standing, and Plaintiff's Complaint must therefore be dismissed in its entirety.

## B.   Dismissal under Fed. R. Civ. P. 12(b)(6).

### 1.   Standard of Review.

Rule 12(b)(6) requires dismissal when a plaintiff has failed to allege sufficient facts supporting a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While a court resolving a motion to dismiss must accept as true "all the allegations in the complaint," it need not accept "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A court must identify and disregard unreasonable inferences, unwarranted deductions of fact, or legal characterizations in the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). After accepting only the well-pleaded allegations as true, a court then determines whether a complaint alleges a "plausible" claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).

In actions for fraud, plaintiffs are additionally subject to Rule 9(b)'s requirement to "state with particularity the circumstances constituting fraud or mistake." Rule 9(b)'s heightened pleading requirement "safeguards defendant's reputation and goodwill from improvident charges of wrongdoing." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003) (citation omitted). A claim for fraud is properly dismissed where the plaintiff fails to allege the "'who, what,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    when, where, and how' of the misconduct charged." *Id*. at 1106-07 (citation

2    omitted). In addition to Plaintiff's claim for Deceit by Suppression of Facts, the

3    heightened pleading standard of Rule 9(b) applies equally to Plaintiff's claims

4    under the UCL, FAL, and CLRA. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125

5    (9th Cir. 2009); *In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415 (9th Cir.

6    2014); *Patera v. Citibank, N.A.*, 79 F. Supp. 3d 1074, 1081, 1086 (N.D. Cal. 2015).

7          **2.**      **Plaintiff has failed to plead his claims with particularity.**

8       All of Plaintiff's claims sound in fraud because they all hinge on allegedly

9    false or misleading representations made by Harbor Freight; therefore, Plaintiff

10   must plead all four of his claims with particularity under Rule 9(b). *Sityar v. Wm.*

11   *Wrigley Jr. Co.*, No. CV 10-5965 CAS (SSX), 2011 WL 13046850, at *5 (C.D.

12   Cal. Mar. 2, 2011). "This requires that a false statement must be alleged, and that

13   'circumstances indicating falseness' must be set forth." *Rice v. Sunbeam Products,*

14   *Inc.*, No. CV 12-7923-CAS-AJWX, 2013 WL 146270, at *3 (C.D. Cal. Jan. 7,

15   2013), citing *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994).

16       It is therefore incumbent upon Plaintiff to undertake a pre-suit investigation

17   to determine how and why any alleged price misrepresentations are false.

18   "Plaintiffs must conduct a reasonable investigation into their claims and plead at

19   least some facts to bolster their 'belief' that the 'Compare At' prices were

20   inaccurate." *Jacobo v. Ross Stores, Inc.*, No. CV-15-04701-MWF-AGR, 2016 WL

21   3482041, at *3 (C.D. Cal. Feb. 23, 2016).

22       Plaintiff may not satisfy this burden by making allegations about Harbor

23   Freight's pricing practices in general. Instead, Plaintiff must specify the actual

24   representations that he observed and relied upon in making his own purchases and

25   plead facts supporting their falsity. *Nunez v. Best Buy Co.*, 2016 WL 3189197, *4

26   (D. Minn. June 7, 2016) (dismissing deceptive pricing claims under California's

27   UCL, FAL, and CLRA where investigatory study related the defendant's pricing of

28   eight products, none of which were the products at issue in the lawsuit); *Sperling v.*

6

*DSW Inc.*, No. EDCV151366JGBSPX, 2016 WL 354319, at *7 (C.D. Cal. Jan. 28, 2016) (dismissing deceptive pricing claims under the UCL, FAL, and CLRA and holding Plaintiff's "independent investigation" into the prevailing market price of the shoes purchased by the Plaintiff, at the time of the Second Amended Complaint, shed no light on whether the prices advertised by DSW were misleading at the time of Plaintiff's purchase many months earlier).

Yet Plaintiff's Complaint is devoid of any non-conclusory allegations that the specific items he purchased were not previously sold by Harbor Freight at the strike-through "Only" prices, or that the strike-through "Only" prices were not the prevailing market price for specific items he purchased. Although Plaintiff's Complaint includes limited information about the prices at which Harbor Freight has historically offered certain items, or about the prices at which one or two competitors offer certain items also sold by Harbor Freight, any similar analysis of the items actually purchased by Plaintiff is conspicuously absent.

At an even more basic level, Plaintiff has even failed to plead the price he actually paid for *any* of the items he purchased from Harbor Freight. And in the case of the three tarps, Plaintiff also has omitted the price at which the items were offered for sale at the time he made his purchases; nor can he narrow down the dates on which these the tarps were purchased beyond "the period of approximately January through June 2015." These are not mere technical pleading deficiencies. Plaintiff's theory of liability depends on the advertised prices he relied upon and the prices at which those same items had been offered for sale for the three months prior to each purchase. Failure to plead these key facts requires dismissal of all four claims under Rule 9(b).

### 3. Plaintiff is not entitled to restitution because he has not alleged that the items he purchased were worth less than the price he paid for them.

"Standing must be shown with respect to each form of relief sought, whether it be injunctive relief, damages or civil penalties." *Bates v. United Parcel Serv.*,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Plaintiff here seeks restitution, money damages, and an injunction ; but he cannot demonstrate standing for any of these forms of relief.

The proper measure of restitution under the UCL where, as here, the consumer has received some value as part of the allegedly deceptive transaction, is "the difference between the price [plaintiffs] paid for [the product] and the actual value they received." *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 794, 192 Cal. Rptr. 3d 881, 894 (2015). The same standard is applicable to claims for restitution under the FAL and CLRA. *Chowning v. Kohl's Dep't Stores, Inc.*, No. 15-08673, 2016 WL 1072129, at *5 (C.D. Cal. Mar. 15, 2016) ("There is nothing to suggest that the restitution remedy provided under the CLRA should be treated differently than the restitution remedies provided under the False Advertising or Unfair Competition Laws.") (citation omitted).

But Plaintiff has not alleged that any difference *exists* between the prices he paid for the solar security light or the three tarps and the value he received when he took these items home. Again, the only complaint Plaintiff has about the items he actually purchased is that he "believ[ed] that [he was] receiving substantial discounts on items of greater value than [he] actually [was]." (Compl. ¶ 87). But even assuming, for the sake of argument, that the price paid by Plaintiff was not a "*bargain*" price does not mean it was not nevertheless a *fair* price for the value he received. *Chowning*, 2016 WL 1072129, at *10 ("To determine Plaintiff's loss for purposes of restitution, the focus should be on what Plaintiff *actually received* given the price she paid, not on the bargain Plaintiff *thought she was receiving*.") (emphasis in original).

If Plaintiff seeks a different measure of restitution, he has "the burden of proving entitlement to an alternative measure of restitution proper under all the circumstances." *Tobacco II*, 192 Cal. Rptr. 3d at 893. But "any proposed method must account for the benefits or value that a plaintiff received at the time of

8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

purchase." *Chowning*, 2016 WL 1072129, at *6, citing *Tobacco II*, 192 Cal. Rptr. 3d at 893. Nor may restitution be ordered exclusively for the purposes of deterrence. *Id.* "Finally, the amount of restitution ordered must represent a measurable loss supported by the evidence." *Id.*, citing *Colgan v. Leatherman Tool Grp., Inc.*, 38 Cal.Rptr.3d 36, 61 (Ct.App.2006) ("From the authorities we conclude that restitution under the [consumer protection laws] must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes, and that measurable amount must be supported by evidence."). Here, Plaintiff received three tarps and security lights and likely took those home and used them and has not provided any allegations to demonstrate that those specific items were not worth the price actually paid for them at the time of his purchases. The Complaint lacks allegations that the value received by Plaintiff when he purchased items from Harbor Freight was any less, at the time he purchased them, than the price he paid for those items, let alone any facts supporting such a difference. Plaintiff's claims for restitution must therefore be dismissed.

### 4. Plaintiff is not entitled to compensatory damages because he has not plausibly alleged economic injury.

An award of damages for fraud or for violation of the CLRA requires that the Plaintiff has been damaged in some way. Cal. Civ. Code § 1709 ("One who willfully deceives another with intent to induce him to alter his position to his injury or risk is liable for any damage which he thereby suffers."); Cal. Civ. Code § 1780(a)(1) (allowing a plaintiff who suffers damage from a CLRA violation to recover "[a]ctual damages").

As discussed in Section IV.A *supra*, Plaintiff has not suffered any injury. "Courts have held that being induced to purchase a product one would not otherwise have purchased is not loss of money or property . . . as long as one still receives the benefit of the bargain." *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1094 (C.D. Cal. 2015) (citation omitted). "The fact that plaintiff may have been

9

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

manipulated into purchasing the items because she believed she was getting a bargain does not necessarily mean she suffered economic harm." *Mulder v. Kohl's Dep't Stores, Inc.*, No. 15-11377-FDS, 2016 WL 393215, at *6 (D. Mass. Feb. 1, 2016) (holding "there is no sum of money that could be awarded to her that could 'compensate' her without providing a windfall."). See also *Kim v. Carter's Inc.*, 598 F.3d 362, 366 (7th Cir. 2010) (to make the required showing of actual damages, "it is not enough that Carter's price comparisons deceived the plaintiffs and induced them to buy Carter's clothing."); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F. 3d 732, 739 (7th Cir. 2014) (same). Where, as here, Plaintiff "did not allege he did not want the [item purchased], the [item purchased] was unsatisfactory, or the [item purchased] was worth less than what he paid for it," there has been no economic injury. *Warner*, 105 F. Supp. at 1094, citing *Hall v. Time, Inc.*, 158 Cal.App.4th 847, 854–55, 70 Cal.Rptr.3d 466 (2008).

Moreover, the California statute provides that the plaintiff in a claim for fraud in the sale, purchase or exchange of property may recover only out-of-pocket losses, defined as "the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received." *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1032 (9th Cir. 1999); Cal. Civ. Code § 3343(a). Benefit-of-the-bargain damages, defined as "the difference between the value of property as represented and the actual value thereof," are expressly unavailable in this situation as provided by statute. *Id.*; § 3343(b)(1).

Thus, the measure of damages for Plaintiff's fraud claim is the same as for his restitution claims: the difference between the price he paid and the value he received. As he has not alleged any such difference exists, Plaintiff has not alleged any injury and, therefore, has failed to state a claim upon which relief may be granted.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**5. Plaintiff is not entitled to injunctive relief because he is now aware of Harbor Freight's pricing practices and is unlikely to shop at Harbor Freight in the future.**

A plaintiff seeking injunctive relief must demonstrate that he has suffered or is threatened with a "concrete and particularized" legal harm, coupled with "a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv.*, Inc., 511 F.3d 974, 985 (9th Cir. 2007). Even if Plaintiff were correct that Harbor Freight's advertised prices are misleading, he would not be entitled to injunctive relief because the Complaint makes it clear that Plaintiff is now aware of the alleged deception and could not be misled by it again in the future. See *Luman v. Theismann*, No. 2:13-cv-00656-KJM-AC, 2014 WL 443960, at *7 (E.D. Cal., Feb. 4, 2014), ("Plaintiffs, by their own admissions in the First Amended Complaint admit that they became aware of defendants' deceptive advertising, …, ceased being injured by defendants' conduct before filing their First Amended Complaint"); *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 458 (S.D. Cal. 2014) ("These consumers will not benefit from the injunctive relief as they cannot demonstrate a probability of future injury"); accord *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) (court found it unclear how prospective injunctive relief would redress the plaintiff's alleged injury); *Campion v. Old Republic Home Protection Co., Inc.*, 861 F. Supp. 2d 1139, 1150 (S.D. Cal 2012) (plaintiff "now has knowledge of Defendant's alleged misconduct," and "thus does not have standing to seek injunctive relief.").

Moreover, an injunction will not benefit Plaintiff because it is not plausible under *Iqbal* and *Twombly* that he will shop at Harbor Freight again in the future. Plaintiff alleges that Harbor Freight's products are of "substandard and poor quality"; that Harbor Freight's warranties are "not comparable to that offered by competing retailers"; and that Harbor Freight's prices are not any lower than its competitors'. (Compl. ¶¶ 29-35, 62, 67). An injunction outlining permissible comparison price advertising will not affect the quality of Harbor Freight's

11

merchandise, its warranties, or the price at which its merchandise is offered for sale. Accepting Plaintiff's allegations as true, as the Court must for the purpose of a motion to dismiss, Plaintiff's contention that "[i]f the Court were to issue an injunction . . ., Plaintiff would likely shop at Harbor Freight again in the future" is clearly not plausible in light of his other factual allegations.

Finally, Plaintiff cannot obtain an injunction because he has an adequate remedy at law for the alleged misconduct. See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (plaintiff seeking injunctive relief must demonstrate "that remedies available at law, such as monetary damages, are inadequate to compensate" for the claimed injury). Throughout his Complaint, Plaintiff's claimed injury is described in economic terms: Plaintiff alleges he was "damaged economically by his purchases" (Compl. ¶ 21); he was "damaged thereby economically" after purchasing the solar security light and tarps (Compl. ¶¶ 77, 83); Harbor Freight's price advertising allegedly caused him "economic injury" (Compl. ¶ 84), caused him "financial injury" (Compl. ¶ 112), and caused him to "los[e] money" (Compl. ¶ 121). Most tellingly, Plaintiff expressly seeks money damages under the CLRA and Deceit statutes for the same injury on which he bases his claim for injunctive relief under the UCL, FAL, and CLRA. Plaintiff's claims involve nothing more than commercial transactions, which, even if fraudulent, can be addressed with money damages and injunctive relief is therefore unavailable.

Because Plaintiff is entitled to neither restitution, nor damages, nor injunctive relief, Plaintiff has alleged no injury that "will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). All of Plaintiff's claims must therefore be dismissed.

## C. Striking Allegations under Fed. R. Civ. P. Rule 12(f).

### 1. Standard of Review.

Even if the Court declines to dismiss the Complaint in its entirety at this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

time, much of the Complaint involves allegations that are immaterial and impertinent to the injury allegedly suffered by Plaintiff and must therefore be struck under Rule 12(f). Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010), quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* A motion to strike is properly granted where "no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." *Discovery Pier Land Holdings, LLC v. Visioneering Envision.design.build, Inc.*, No. CV1502590DDPAJWX, 2016 WL 777854, at *2 (C.D. Cal. Feb. 25, 2016), quoting *Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

### 2. Allegations regarding items not purchased by Plaintiff.

Plaintiff's Complaint is rife with immaterial and impertinent matter. First, Plaintiff includes irrelevant allegations about the prices at which five cherry-picked items (a retractable hose reel, brass pneumatic coupler set, electrical welding unit, impact wrench, and scissor lift), out of Harbor Freight's inventory of more than 5,500 products, were offered for sale by competitors or at a previous time by Harbor Freight. (Compl. ¶¶ 29-33, 35-40, 42-43). These allegations are immaterial and impertinent because *Plaintiff did not purchase these items*.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1     Plaintiff has alleged only that he purchased "security lights, tool bags, saw
2   horses, and numerous other tools and merchandise" (Compl. ¶ 17); "tools,
3   equipment, accessories, and other related merchandise" (Compl. ¶ 68);  and
4   "security lights, tool bags, tarps, electric drills and drill bits, hammers, tool racks,
5   storage containers, and other merchandise" (Compl. ¶ 74). Out of this laundry list,
6   Plaintiff provides details (approximate purchase date, advertised "Only"
7   strikethrough price, and in one instance, the "Sale" price at which the item was
8   offered at the time of Plaintiff's purchase) for only four items—one solar security
9   light and three tarps. (Compl. ¶¶ 75-80).

10     Allegations regarding items not purchased by Plaintiff can have no bearing
11   on what representations Plaintiff observed and relied upon in making his own
12   purchases. The named plaintiff in a putative class action "cannot expand the scope
13   of his claims to include a product he did not purchase or advertisements relating to
14   a product that he did not rely upon." *Johns v. Bayer Corp.*, No. 09CV1935 DMS
15   (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010). Advertised regular and
16   sale prices for a scissor lift, in effect months after Plaintiff's own purchases,
17   provided the Plaintiff with no information whatsoever as to the price, value, or
18   quality of the tarps he purchased and cannot have influenced Plaintiff's decision to
19   make those purchases. Similarly, the price at which a retractable hose reel was
20   offered by competitors has nothing to do with the price at which a security light
21   was offered by a competitor and can have no bearing on the truth of Harbor
22   Freight's price advertisements for the security light. Accordingly, the allegations in
23   paragraphs 29-46 (which pertain only to prices offered by Harbor Freight or
24   competitors on five items not purchased by Plaintiff) should be struck as
25   immaterial and impertinent.
26   ///
27   ///
28   ///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

14

### 3. Allegations regarding pricing representations not observed or relied upon by Plaintiff.

Plaintiff correctly notes that Harbor Freight's price advertisements were adjusted in September 2015 from using "Regular" or "Only" price comparisons to "Comp. At" price comparisons. (Compl. ¶ 47). And although Plaintiff makes conclusory allegations that his purchases continued into March of 2016 (Compl. ¶¶ 17, 69), the only purchases for which he provides any detail even beginning to approach the particularity required by Rule 9(b) are the previously-mentioned security light and three tarps. All four of these items were allegedly purchased between January and June of 2015, prior to the use of "Comp. At" advertisements at Harbor Freight stores. (Compl. ¶¶ 75, 78). Accordingly, Plaintiff cannot have relied upon any "Comp. At" representations in making the purchases that are actually pleaded.[1]

Yet, Plaintiff devotes 26 paragraphs and more than nine pages of his Complaint to Harbor Freight's allegedly deceptive "Comp. At" representations, even though he has not alleged that he ever observed or relied on such representations. This content is therefore immaterial and impertinent to Plaintiff's decision to purchase any items from Harbor Freight and paragraphs 29-55 discussing "Comp. At" representations must be struck from the Complaint.

### 4. Allegations of other purportedly deceptive conduct not encountered by Plaintiff.

It is important to note that with regard to the items actually purchased by

---

[1] Even if Plaintiff had observed "Comp. At" price advertisements, Harbor Freight expressly discloses the meaning of its "Comp. At" comparisons in its stores, on its website, and in its printed advertising material: "At Harbor Freight Tools, the 'comp at' price means that the same item or a similar functioning item was advertised for sale at or above the 'comp at' price by another retailer in the U.S. within the past 180 days. Prices advertised by others may vary by location. No other meaning of 'comp at' should be implied." http://www.harborfreight.com/customer-service-faqs.html#7 (last visited July 15, 2016). Therefore, the fact that one or two competitors may have offered a similar item for sale at a lower price on a given day when Plaintiff or his counsel happened to compare prices is in no way in conflict with Harbor Freight's "comp. at" advertising.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff, the only purported deceptive conduct alleged is that the strike-through "Only" prices advertised for those four items were misleading.  (Compl. ¶¶ 70-88). Plaintiff does not allege (1) that he observed or relied on representations regarding the quality of the items he purchased, or that the items he purchased were of inferior quality; (2) that any coupons were used in any of his transactions, let alone that a percentage-off coupon was deceptively applied to the lowest-priced item in his transaction; (3) that Harbor Freight simultaneously advertised multiple prices for any of the items he purchased; or (4) that any warranties on the items he purchased were of lesser duration compared to those offered by competitors or that this fact was omitted from Harbor Freight's advertising.

Despite Plaintiff not encountering any of these scenarios, and not even including consumers who *have* encountered these scenarios in the alleged class definition, the Complaint includes conclusory allegations that Harbor Freight routinely engages in such conduct. See Compl. ¶¶ 57-65, 68 (misleading representations as to quality of merchandise); ¶¶ 13-14 (misleading representations and applications of coupons); ¶ 15 (simultaneous advertisement of multiple prices for the same item); and ¶¶ 66-67 (non-disclosure of warranty terms in advertising).

Basic principles of standing and injury in fact discussed *supra* dictate that Plaintiff cannot seek relief for allegedly deceptive conduct that he has not personally experienced.[2] To establish standing, the plaintiff must demonstrate that he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo,* 136 S. Ct. at 1547. Plaintiff has suffered no injury in fact that is fairly traceable to any of this alleged conduct because there are no allegations that he has ever come upon any of this conduct.

---

[2] "That a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo*, 136 S. Ct. 1540, 1547, n. 6 (citations omitted).

16

As a result, all of these allegations in the Complaint are immaterial and impertinent to the deceptive conduct and injury actually alleged by Plaintiff (i.e., that he relied upon misleading price comparisons in making his purchases). Paragraphs 13-15 and 57-68 of the Complaint should therefore be struck.

## IV.    CONCLUSION.

The UCL, FAL, CLRA, and Deceit statutes are intended as a shield to protect consumers from deceptive conduct; but this does not mean that consumers can use these statutes as a sword to allege fraudulent or deceptive conduct without a factual basis for either the alleged conduct or the alleged resulting injury. Plaintiff's subjective belief that he was getting a bargain, in the absence of any allegation that the products he purchased were of inferior quality or worth less than the price he paid for them, does not create an injury in fact, an economic loss, or any basis equitable relief. All four of Plaintiff's claims must therefore be dismissed under Rule 12(b)(1) and 12(b)(6). But even if the Complaint is not dismissed in its entirety, the significant number of general allegations discussing merchandise, representations, and deceptive conduct that are unrelated and completely irrelevant to Plaintiff's claims must be struck under Rule 12(f).

Dated:  July 15, 2016                    Respectfully submitted,

                                         BAKER & HOSTETLER LLP


                                         By:    /s/ Teresa C. Chow
                                                Teresa C. Chow


                                         Attorneys for Defendant
                                         HARBOR FREIGHT TOOLS USA, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES