**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
WILLIAM B. RICHARDS, JR. (SBN 298552)
*bill@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:   (619) 696-9006
Facsimile:   (619) 564-6665

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*elliot.david@hotmail.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997

*Counsel for Plaintiff and the Proposed Class*

Teresa C. Chow, SBN 237694
Email: tchow@bakerlaw.com
Matthew D. Pearson, SBN 294302
Email: mpearson@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:   310.820.8800
Facsimile:    310.820.8859


Rodger L. Eckelberry (Admitted *Pro Hac Vice*)
Email: reckelberry@bakerlaw.com
Rand L. McClellan (Admitted *Pro Hac Vice*)
Email: rmcclellan@bakerlaw.com
Jacqueline K. Matthews (Admitted *Pro Hac Vice*)
Email: jmatthews@bakerlaw.com
**BAKER & HOSTETLER LLP**
Capitol Square, Suite 2100
65 East State Street
Columbus, OH  43215-4260
Telephone:   614.228.1541
Facsimile:    614.462.2616

*Attorneys for Defendant*
Harbor Freight Tools USA, Inc.

JOINT RULE 26(F) CONFERENCE REPORT

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TED SHIMONO, on behalf of himself, all others similarly situated, and the general public,<br><br>               Plaintiff,<br><br>               v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>               Defendant. | Case No.: 5:16-cv-01052-CAS-MRW<br><br>**JOINT RULE 26(F) REPORT** |

On October 11, 2016, counsel for the parties met by telephone to conduct a Rule 26(f) conference in accordance with the Federal Rules of Civil Procedure. The parties then jointly finalized this report. Representing Plaintiff was Skye Resendes, Mike Houchin, Ron Marron and David Elliot, and representing Defendant was Rodger Eckelberry, Teresa Chow, and Jacqueline Matthews. The parties discussed the case and jointly make the following report except as otherwise noted below.

## I. INITIAL MATTERS

Plaintiff filed this action on May 20, 2016. Dkt. No. 1. Defendant brought a motion to dismiss on July 18, 2016, which Plaintiff opposed. Dkt. Nos. 18-20. That motion is fully briefed and set for hearing on October 24, 2016.

The parties intend to enter into a stipulation regarding a class certification briefing schedule.

The parties have not come to any agreement at this time to dismiss or strike any claims or defenses in the instant matter.

A related action was filed on April 8, 2015 in the Court of Common Pleas for Lake County, Ohio, entitled *Jeffrey Beck v. Harbor Freight Tools USA, Inc.*, Case No. 15CV000598. It is not known whether Mr. Beck intends to intervene in this action.

## II. STATEMENT OF CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

**1. Plaintiff's Position**

Plaintiff's position is fully set forth in his Complaint. In sum, Plaintiff alleges that Defendant uses fake sale price advertising of its products in violation of California law.

**2. Defendant's Position**

Defendant's position is set forth in the briefing in support of it Motion to Dismiss, or, in the alternative, Strike (Dkt. Nos. 18, 20). Plaintiff has not suffered an injury in fact because he received the benefit of his bargain.

## III. INITIAL DISCLOSURES

The parties will exchange initial disclosures, pursuant to the Federal Rules of Civil

Procedure 26(a)(1)(A-D) by November 22, 2016.

## IV.  COMPLEXITY OF THE CASE

The parties agree that this is a complex case. Plaintiff has alleged a class action and requested certification of a nationwide class applying California law, or a California-only class, and/or subclasses of consumers from other states with consumer protection laws that do not materially differ from California's consumer protection statutes.  While Defendant's position is that Plaintiff cannot appropriately represent class members outside of California, and that California statutory claims are inapplicable to consumers who purchase items outside California, it does not dispute that this is a complex case. The scope of the class will be subject to Rule 23 briefing.

## V.  DISCOVERY PLAN

### 1. Witnesses and Specific Discovery

#### A. Plaintiff's Position.

Plaintiff anticipates that discovery may be needed on the following topics, as it relates to the Products referenced in the Complaint: conception, formulation, design, manufacture, testing, packaging, advertising, marketing, promotion, distribution, offer for sale, sale, sales figures, gross and net profit, units sold, revenue, cost of goods sold, R&D, consumer research, competitive considerations, legal and regulatory compliance, and document and record creation, maintenance, retrieval, and retention.

Plaintiff will conduct a Rule 30(b)(6) deposition of Defendant on the aforementioned topics, and any relevant corporation(s) involved with the marketing, pricing, or regulatory compliance of the Products, as well as all fact witnesses identified by Defendant as possessing relevant information, or other persons otherwise disclosed in discovery.

At this time, Plaintiff cannot state whether he will exceed his limit of ten depositions, exclusive of experts, but reserves the right to seek leave of Court to exceed that number if it becomes necessary.  Similarly, Plaintiff does not believe he will exceed his limited Interrogatories, but reserves the right to seek leave of Court, if it becomes

necessary.

### B. Defendant's Position

Defendant anticipates that discovery will be required on topics related to the facts and circumstances of Plaintiff's alleged purchases and Harbor Freight's advertising practices; specifically, its representations as to any former price or competitor's price at which a particular item (or similar item) was sold within the state of California. Defendant will object to discovery on topics such as its gross and net profits, research and development, design, manufacturing, and distribution processes, which are not relevant to Plaintiff's claims.

Defendant will conduct a deposition of Plaintiff and of any expert relied on by Plaintiff. At this time, Defendant does not anticipate that more than ten depositions will be necessary.

The following chart details the parties' positions on deadlines (the parties have only provided proposed dates through class certification):

| Event | Parties' Proposed Date |
|---|---|
| Initial Disclosures | November 22, 2016 |
| Parties to File Proposed Protective Order and Proposed ESI Protocol | November 22, 2016 |
| Last Day for Plaintiff to File Motion for Leave to Amend Complaint or Add Parties | February 10, 2017 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | January 31, 2018 |
| Opening Expert Reports | March 30, 2018 |
| Rebuttal Expert Reports | April 30, 2018 |
| Expert Discovery Cut-Off | June 15, 2018 |

| | |
|---|---|
| Deadline for Plaintiff to File Motion For Class Certification | July 31, 2018 |
| Deadline for Defendants to File Opposition to Class Certification | September 14, 2018 |
| Deadline for Plaintiff to File Reply In Support of Class Certification | October 15, 2018 |
| Hearing on Class Certification Motion | November 15, 2018, subject to the Court's convenience |

**2. Joint Position:  Protective Order**

The parties acknowledge the need for confidentiality of trade secrets, client data, and other discoverable documents.  The parties will work together to prepare a proposed protective order for the Court's approval.  The parties agree to meet and confer on a protective order so it can be filed in accordance with the proposed schedule above.

**3. Joint Position:  Electronically Stored Information**

The parties agreed that a protocol for production of electronically stored information ("ESI") is needed and will continue to meet and confer on a mutually acceptable protocol to be filed in accordance with the proposed schedule above.

**4. Bifurcation**

    **A.     Plaintiff's Position**

Plaintiff opposes limiting discovery to class issues given the problems inherent in trying to divide discovery between "class" and "merits" issues at this point in the lawsuit. Plaintiff intends to serve written discovery once the pleadings are set.  Plaintiff will issue deposition notices after or contemporaneous with conducting document review of Defendant's produced responses.

### B. Defendant's Position

Defendant agrees that bifurcation between discovery on class and merits issues is unnecessary. However, it is Defendant's position that Plaintiff is not entitled to discovery regarding Harbor Freight's practices after September 2015, when Harbor Freight made significant changes to its price advertising, nor to discovery related to sales or advertising outside the State of California. Plaintiff has not alleged any purchases after September 2015 or purchases outside of California, and therefore this discovery would not be relevant to his claims.

### VI. MOTION AND PRETRIAL SCHEDULE

#### 1. Joint Position

The parties anticipate that Plaintiff will file a Motion for Class Certification in accordance with the proposed schedule above, after completion of fact and expert discovery. The parties believe the Court can feasibly set <u>July 31, 2018</u> as the class certification motion filing deadline. This motion may involve *Daubert* issues. Any motion for summary judgment filed by either party will likely involve *Daubert* issues.

The parties agree to email a PDF version of any redacted briefs on the filing dates in addition to e-service of discovery requests and responses.

The parties agree to meet and confer regarding the cutoff date and briefing schedule for dispositive or potentially dispositive motions after the Court's ruling on class certification. The foregoing does not apply to the parties' rights to file dispositive or potentially dispositive motions before the Court's ruling on class certification.

### VII. SETTLEMENT

Settlement discussions have not taken place. The parties remain amenable to classwide settlement discussions. Plaintiff will not settle on an individual basis as this time. The parties are also amenable to private mediation to discuss classwide resolution.

### VIII. TRIAL ESTIMATE

Plaintiff's estimate of trial time is 5 court days.

Defendant's estimate is 10 trial days.

## IX.  ADDITIONAL PARTIES

**1. Plaintiff's Position**

At this time, no additional parties are anticipated.  However, Plaintiff will be investigating Defendant's corporate affiliates, sales pricing conduct and distribution channels.

**2. Defendant's Position**

At this time, Defendant does not anticipate joinder of any additional parties.

## X.  TRIAL DATE

**A.     Joint Position**

Should the Court wish to assign an abbreviated schedule at this time, the parties agree to meet and confer further on trial and pre-trial dates following resolution of the class certification issues.

## XI.  TRIAL BY JURY OR BY COURT

Plaintiff has timely demanded a trial by jury.  The parties will not consent to trial by a magistrate judge at present.

## XII. EXPERT WITNESSES

The parties agree that this is an appropriate case for expert witnesses.  Thus, *Daubert* motions are anticipated for all dispositive motions (class certification being considered dispositive for this purpose).

## XIII. ADDITIONAL INFORMATION

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service by electronic means with respect to discovery.

Dated: October 18, 2016                     Respectfully submitted,

*/s/ Ronald A. Marron*
Ronald A. Marron
**LAW OFFICES OF**
**RONALD A. MARRON**
Ronald A. Marron, Esq.
*ron@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92101
Telephone: (619) 696-9006
Fax: (619) 564-6665

*/s/ David Elliot*
David Elliot
**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT
*elliot.david@hotmail.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997

***Counsel for Plaintiff and the Proposed Class***

*/s/ Jacqueline K. Matthews*
Jacqueline K. Matthews
Rodger L. Eckelberry (*Pro Hac Vice*)
*reckelberry@bakerlaw.com*
Rand L. McClellan (*Pro Hac Vice*)
*rmcclellan@bakerlaw.com*
Jacqueline K. Matthews (*Pro Hac Vice*)
*jmatthews@bakerlaw.com*
**BAKER & HOSTETLER LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Capitol Square, Suite 2100
65 East State Street
Columbus, OH  43215-4260
Telephone:   614.228.1541
Facsimile:    614.462.2616

Teresa C. Chow
*tchow@bakerlaw.com*
Matthew D. Pearson
*mpearson@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:   310.820.8800
Facsimile:    310.820.8859

*Counsel for Defendant*
*Harbor Freight Tools USA, Inc.*

**CERTIFICATION OF APPROVAL OF CONTENT**

Counsel for Plaintiff, Ronald A. Marron, certifies that, pursuant to Section 2.f.4. of the Court's CM/ECF Administrative Policies, Defendant's counsel, Jacqueline Matthews, has reviewed the contents of this Joint Rule 26 (f) Conference Report and authorized placement of her electronic signature on this document.

Dated:  October 18, 2016                *Ronald A. Marron*
                                        Ronald A. Marron
                                        Attorney for Plaintiff