UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Elliot | Teresa Chow<br>Rodger Eckelberry<br>Jacqueline Matthews |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS OR STRIKE (Filed 07/15/16)[18]

## I. INTRODUCTION

On May 20, 2016, Ted Shimono, on behalf of himself, all others similarly situated, and the general public, filed this class action case against Harbor Freight Tools USA, Inc. ("Harbor Freight") alleging (1) violation of California's Unfair Competition Laws ("UCL"), pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) violation of California's False Advertising Laws ("FAL"), pursuant to Cal. Bus. & Prof. Code §§ 17500 et seq.; (3) violation of California's Consumer Legal Remedies Act ("CLRA"), pursuant to Cal. Civ. Code §§ 1750 et seq.; (4) deceit by suppression of facts, pursuant to Cal. Civ. Code §§ 1709-10. Dkt. 1.

On July 15, 2016, defendant filed a motion to dismiss the complaint in its entirety. Dkt. 18. On October 3, 2016, plaintiff filed an opposition. Dkt. 19. On October 10, 2016, defendant filed a reply. Dkt. 20.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. General Allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

Harbor Freight is a discount tool and equipment retailer offering its products for sale in retail stores, by telephone, and through its website. Compl. ¶ 5. The gravamen of plaintiff's complaint is that, between June 2013, and March 2016, Harbor Freight sold its products to the public by advertising its products at "sale" prices that represented only fictitious savings. Id. ¶ 8.

Plaintiff alleges numerous forms of misleading advertising. Plaintiff alleges that Harbor Freight markets products at a particular "sale" price. Id. In its advertising and online store, Harbor Freight allegedly presents its "sale" price for many products adjacent to a comparative "regular" price, "comp[are] at" price, or a price with a line through it and the word "only." Id. For example, plaintiff alleges that defendant marketed a lift with an "only" price as shown below:



Id. ¶ 42.

Plaintiff alleges that these comparative prices and the supposed discounts being offered by Harbor Freight are misrepresented as "prevailing market retail prices, customary store prices, and/or prices of comparable merchandise, from which fictitious savings were then calculated and communicated to the consumer through various advertising mediums." Id. Harbor Freight allegedly advertised its misleading price

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

savings to consumers at the point of sale, through mailed and distributed flyers, through in-store displays, web pages, emails, print advertisements, and other promotional materials. Id. ¶ 10. Plaintiff alleges that some of the products advertised at "sale" prices were Harbor Freight brand products for which there is no comparable price except those set by Harbor Freight. Id. ¶ 11.

Plaintiff provides several specific examples. First, plaintiff alleges that, as of May 3, 2016, Harbor Freight advertised a 50-foot retractable hose produced by Central Neumatic at sale price of $89.99. Id. ¶ 29. The sale price of $89.99 was displayed adjacent to a "comp at" price of $166.00. Id. Plaintiff alleges that the same hose was available on Amazon.com for $67.29, plus shipping (listed as an additional $19.46 in imagery from plaintiff's complaint). Id. ¶ 32. Meanwhile, a comparable hose of equivalent or superior quality was available from Home Depot for $64.98, Id. ¶ 30, and an "essentially identical" hose was available on a competitor website for $59.99, reduced from a suggested retail price of $89.99, Id. ¶ 31. Finally, plaintiff alleges that defendant never offered the aforementioned hose for sale, nor was it ever valued, at $166.00 as allegedly implied by Harbor Freight's advertising. Id. ¶ 33. Plaintiff alleges that the $166.00 amount was "simply false and deliberately intended to deceive consumers into paying higher prices." Id.

Second, plaintiff alleges specific "sale" price histories for two products, an impact wrench and welding unit, wherein plaintiff alleges "sale" prices and "comp at" or strike-through prices over multiple years. Id. ¶¶ 37-40.[1]

Next, plaintiff alleges that Harbor Freight offers advertising coupon savings that are deceptive. Id. ¶ 13. Plaintiff alleges, by way of example, that Harbor Freight offers coupons for "20% off your purchase," with a "tiny qualifier '*of any one item*' ." Id. (emphasis original). Plaintiff alleges that these coupons were deliberately misleading because consumers did not receive the discount from their entire "purchase" but rather upon only one item. Id. ¶ 14. Furthermore, these coupon savings were allegedly

---

[1] Plaintiff does not allege that he personally purchased either of these specific items.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

misleading because, at checkout, Harbor Freight would take the discount percentage off of the price of the lowest-priced item in a customer's order rather than "any" item. Id.

Additionally, Harbor Freight is alleged to have advertised different prices for the same item simultaneously and, at their retail stores, charge the highest advertised price. Id. ¶ 15.

Finally, plaintiff alleges that the foregoing misleading advertising is exacerbated by the fact that Harbor Freight misleads customers about the quality of its products. Whereas defendant allegedly advertises that its products are the "highest" quality, plaintiff alleges that they are actually substandard. Id. ¶ 62. In addition to setting forth several alleged negative comments from customers, plaintiff alleges that Harbor Freight's limited warranty on its products is substantially shorter and more limited than those typical of its competitors. Id. ¶ 66.

### B. Allegations Specific to Plaintiff

Shimono is a resident of Lake Elsinore, California, who alleges that he purchased numerous products from Harbor Freight between June 2013, and March 2016, including security lights, tool bags, tarps, an electric drill, drill bits, hammers, tool racks, storage containers, and other merchandise. Id. ¶ 74. Shimono alleges that "[a]ll of this merchandise was advertised as having 'regular' prices, 'retail' prices, 'comp at' prices, or '[o]nly' [regularly priced] prices, and as being offered to the customer at 'sale' prices wherein the purported sale price gave the illusion of offering large discounts from the store's customary price or market price." Id. ¶ 18.

Plaintiff alleges greater detail with respect to several of his own purchases in 2015. First, plaintiff alleges that "in or around June 2015," he purchased a solar security light for a purported "sale" price of $39.99. Id. ¶75. The product advertising for the security light allegedly contained the words "Only $59.99," which was struck-through with a line, allegedly "suggesting Harbor Freight's usual price for this unit was $59.99 and that the unit was being offered at a discount from that former price." Id. Plaintiff alleges that, despite the strike-through price, "the prevailing retail price for the" security light during

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

the three months immediately prior to Plaintiff's purchase was not the strike-through price allegedly advertised by defendant. Id. ¶ 76. Nonetheless, plaintiff alleges that he purchased the security light in reliance upon defendant's allegedly deceptive advertising. Id. ¶ 76.

Furthermore, plaintiff alleges that "during the period of approximately January through June 2015," he purchased several protective tarps from defendant. Id. ¶ 78. Plaintiff alleges that these tarps were advertised with strike-through prices of, "for example, 'Only $6.99', 'Only $8.99', and 'Only $39.99'." Id. ¶ 79. However, plaintiff does not allege what price he paid for the tarps.

### C. Injury

Plaintiff alleges that he would not have purchased the tools or equipment, or would not have paid as much for them, absent the alleged misrepresentations made by Harbor Freight. Id. ¶ 84. Plaintiff alleges that he and the purported class of similarly situated consumers "have suffered injury in fact and have lost money" as a result of misleading and false advertising. Id. ¶ 121. Plaintiff alleges that a "reasonable consumer would not have purchased nor paid as much for [Harbor Freight's] products had [Harbor Freight] disclosed the truth about the sale prices of the products." Id. ¶ 130.

## III. SUBJECT MATTER JURISDICTION

### A. Legal Standard

Defendant first moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)").

A motion to dismiss an action pursuant to Rule 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

**B.     Discussion**

Defendant argues that plaintiff has failed to allege an injury-in-fact such that he has Article III standing to bring this action.

A plaintiff's injury is both "concrete and particularized," where they are "relieved of money in transactions," and state law gives them a right to monetary relief. Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1021 (9th Cir. 2011). Furthermore, where plaintiff alleges "that class members paid more for [a product] than they otherwise would have paid, or bought it when they otherwise would not have done so' they have suffered an Article III injury in fact." Hinojos v. Kohl's Corp., 718 F.3d 1098, 1104 fn 3 (9th Cir. 2013) (quoting Mazza v. Am. Honda Motor Co., 666 F.3d 581, 595 (9th Cir.2012)).

Defendant argues that plaintiff must allege that he paid more than the value of defendant's products. However, the Ninth Circuit rejected exactly this "benefit of the bargain" argument in Hinojos. 718 F.3d at 1107.

In Hinojos, a class of consumers alleged that they had purchased products from Kohl's in reliance upon misleading discount advertising. Hinojos, 718 F.3d at 1101. The plaintiff alleged that he had purchased products purporting to be marked down from fictitious "original" or "regular" prices, and that, but for the misleading advertising, he would not have purchased the goods. Id. Based on these allegations, the plaintiff brought UCL, FAL, and CLRA claims. The Ninth Circuit observed that the injury required to establish an Article III "injury-in-fact," is identical to the injury required for statutory standing under the UCL and FAL, Id. at 1104 (citing Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011)), as well as injury under the CLRA, Id. at 1108. The court held that the allegations sufficed to established statutory standing under the UCL,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

FAL, and CLRA. The court further noted "[t]here is no difficulty in this case regarding Article III injury in fact." Id. at 1104 fn. 3.[2]

To the extent Hinojos appears to be binding precedent here, defendant argues that it was overturned by Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The Court disagrees.

In Spokeo, the plaintiff alleged a claim under the Fair Credit Reporting Act, namely, that defendant's website disseminated inaccurate information about plaintiff. The Ninth Circuit determined that plaintiff had established standing under Article III but the Supreme Court concluded that the Ninth Circuit's analysis had failed to evaluate whether plaintiff's alleged injury was "concrete." Spokeo, 136 S. Ct. at 1550. The Court explained, "[w]hen we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.' " Id. at 1548. It went on to observe that, a "bare procedural violation [of the FCRA] . . . may result in no harm," and offered the example of a mistaken zip code. Id. at 1550.

The Court's concern with "bare procedural violations" does not appear to apply here, nor does defendant cite any authority suggesting that Spokeo has disturbed the holding of Hinojos. Plaintiff alleges more than a "bare procedural violation" of California's consumer protection laws. Hinojos remains binding precedent and plaintiff has sufficiently alleged a concrete and particularized injury-in-fact. Accordingly, defendant's argument that this action should be dismissed pursuant to Rule 12(b)(1) is without merit.

---

[2] Similarly, in Mazza, a class of consumers alleged that "class members paid more for [a product] than they otherwise would have paid, or bought it when they otherwise would not have done so, because [defendant] made deceptive claims and failed to disclose the system's limitations." Mazza, 666 F.3d at 595. The Ninth Circuit held that "[t]o the extent that class members were relieved of their money by [defendant's] deceptive conduct—as Plaintiffs allege—they have suffered an 'injury in fact.'" Id. (citing Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1021 (9th Cir.2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

**IV.   FAILURE TO STATE A CLAIM**

   **A.   Legal Standard**

Defendant also moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir.1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

The parties agree that plaintiff's complaint is also governed by the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires that the circumstances constituting a claim for fraud be pled with particularity.  Rule 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba–Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir.2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

A pleading is sufficient under Rule 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir.1973). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir.2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir.2010)).

### B. Discussion

Defendant puts forward two arguments why it believes that plaintiff has failed to state a claim upon which relief may be granted. First, defendant argues that plaintiff has failed to plead the circumstances indicating fraud with respect to any of his own purchases. Second, defendant argues that plaintiff has failed to establish standing with respect to restitution, money damages, or an injunction.

### 1. Particularity

Defendant is correct that plaintiff, pursuant to Rule 9(b), must plead the "circumstances constituting fraud." In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir.1994). "Although there are important differences between the UCL, FAL, and CLRA, to state a viable claim under any of those statutes, Plaintiffs must allege facts showing that the advertisement in question is misleading to a reasonable consumer." Jacobo v. Ross Stores, Inc., 2016 WL 3482041, at *3 (C.D. Cal. Feb. 23, 2016).

> Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (quotations omitted). "[A] plaintiff must 'plead[] with particularity how and why he was personally deceived by the 'Compare At' tags.' The focus is on whether enough facts support a reasonable consumer's reaction to an allegedly deceptive advertisement—not whether enough facts can definitively prove fraud at the pleading stage." Chester v. TJX Cos., 2016 U.S. Dist. LEXIS 110342, at *37 (C.D. Cal. Aug. 18, 2016) (quoting Branca v. Nordstrom, Inc., 2015 WL 10436858, at *7 (S.D. Cal. Oct. 9, 2015)). Pursuant to Rule 9(b), "[p]laintiffs must conduct a reasonable investigation into their claims and plead at least some facts to bolster their 'belief' that the 'Compare At' prices were inaccurate." Jacobo, 2016 WL 3482041 at *3.

Plaintiff has alleged his own purchase of a security light with sufficient particularity to enable the defendant to "prepare an adequate answer," Walling, 476 F.2d at 397. Plaintiff alleges that he purchased a solar security light in June 2015, which was listed at a "sale" price of $39.99 and advertised with a strike-through price of $59.99. Plaintiff alleges that he purchased the light in reliance on defendant's misleading pricing and that the strike-through price did not represent the prevailing retail price for the security light.[3]

Furthermore, plaintiff's allegations appear to be based upon a reasonable investigation rather than mere information and belief. Plaintiff alleges detailed price and advertising histories by Harbor Freight for a welding unit as well as an impact wrench, which show prices and advertised discounts over the course of years. Compl. ¶¶ 37-40.

Plaintiff alleges another example relating to a scissor lift. Plaintiff alleges that between July 2015 and October 2015, the "sale" price of a scissor lift remained $1499.99,

---

[3] Defendant argues that plaintiff "failed to plead the price he actually paid for *any* of the items he purchased from Harbor Freight." Mot. At 7. However, plaintiff alleges that he purchased the security light from defendant when it was listed for sale at the price of $39.99. Accordingly, it is a reasonable inference from plaintiff's pleadings that he paid $39.99, the list price.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

but went from being advertised with a strike-through price of $1799.99 (in July) to a "comp at" price of $1955.99 (in October). Id. ¶42-43.

Finally, plaintiff alleges specific price comparisons between Harbor Freight and competitors for two products. Specifically, plaintiff alleges that Harbor Freight sold a "Brass Industrial Quick Coupler" at the "sale" price of $4.99 and advertised with the phrase "comp at $8.99." Id. ¶ 35. Plaintiff alleges that, at the time, a competitor, workersoutlet.com, sold the same product for $3.40. Id. Additionally, plaintiff alleges that Harbor Freight sold a retractable water hose at the "sale" price of $89.99, advertised adjacent to a "comp at" price of $166.00, whereas competitors sold the same or similar hoses for $64.98, $59.99, and $86.75 (with shipping). Id. ¶¶ 29-33.

Defendant correctly points out that plaintiff does not allege that he personally purchased any of the specific products for which he offers examples of more detailed price histories or price comparisons. Nor does defendant cite authority requiring plaintiff to do so where plaintiff's claim appears to be based on detailed allegations regarding a fictitious discount pricing "scheme." Compl. ¶ 10. Rule 9(b) requires plaintiff to allege the "who, what, when, where, and how," Cafasso, 637 F.3d at 1055, of his claim against defendant and demonstrate that "[t]he allegations . . . are not based on mere speculation but on solid facts discovered during a pretrial investigation," Jacobo, 2016 WL 3483206, at *3. Plaintiff alleges that defendant had a "practice" of deceptive advertising that encompassed many products and followed a specific scheme, or modus operandi. Plaintiff alleges that he purchased a security light from defendant that was advertised and priced consistently with defendant's alleged deceptive practice and that "the prevailing retail price for the" security light during the three months immediately prior to Plaintiff's purchase was not the strike-through price allegedly advertised by defendant. Although, viewed in isolation, the latter allegation may not rise to Rule 9(b)'s requirements, the Court is not required to view a single allegation in isolation. Plaintiff has offered detailed factual allegations supporting his general claim that defendant's advertising scheme is misleading, that he purchased a product advertised pursuant to said scheme, and that he did so in reliance upon the misleading pricing scheme. Accordingly, plaintiff has stated a "plausible claim." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

Because defendant has adequate notice of the named plaintiff's claim and plaintiff has plausibly alleged a factual basis supporting plaintiff's claim that defendant's advertising scheme is misleading, plaintiff has satisfied Rule 9(b)'s particularity requirements.

### 2. Statutory Standing

Next defendant argues that plaintiff lacks standing to seek restitution, damages, or injunctive relief. Defendant's argument in this regard is analogous to its argument regarding Article III standing. Defendant argues that plaintiff lacks standing because plaintiff received the "benefit of the bargain." Defendant argues that plaintiff must allege he bought a product that was worth less than he paid.

Defendant's argument is foreclosed by Kwikset and Hinojos, discussed supra. To establish statutory standing under the UCL and FAL, plaintiff must only allege an "economic injury." Kwikset, 51 Cal. 4th at 330.

> "Because the issue here is only the threshold matter of standing, not whether and how much to award in restitution, a specific measure of the amount of this loss is not required. It suffices that a plaintiff can allege an 'identifiable trifle' of economic injury."

Id. fn. 15.

> "[W]hen a consumer purchases merchandise on the basis of false price information, and when the consumer alleges that he would not have made the purchase but for the misrepresentation, he has standing to sue under the UCL and FAL because he has suffered an economic injury."

Hinojos, 718 F.3d at 1107. Plaintiff has made analogous allegations here. Accordingly, plaintiff has established statutory standing to seek relief under the UCL and FAL.

Furthermore, the "CLRA's 'any damage' requirement is a capacious one that includes any pecuniary damage as well as opportunity costs and transaction costs that result when a consumer is misled by deceptive marketing practices." Hinojos, 718 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

1108. "Because the 'any damage' standard includes even minor pecuniary damage, . . . any plaintiff who [alleges economic injury under the UCL and FAL] will, *a fortiori,* have suffered 'any damage' for purposes of establishing CLRA standing." Id. Accordingly, plaintiff has established standing for his remaining claims.[4]

Plaintiff alleges that "Shimono would consider buying Harbor Freight products again if the sales prices were not marketed in a deceptive manner that is likely to mislead consumers like himself." Compl. ¶ 22. Nonetheless, defendant argues that plaintiff lacks standing to seek injunctive relief because he is "now aware of Harbor Freight's pricing practices" and therefore there is no plausible risk of future injury. Mot. at 11. However, for purposes of the present motion, the Court must accept plaintiff's allegations as true. Courts routinely reject defendant's argument, which might otherwise preclude prospective relief in consumer protection contexts. See e.g. Chester v. TJX Cos., No., 2016 U.S. Dist. LEXIS 110342, at *24 (C.D. Cal. Aug. 18, 2016) ("It is inconceivable to think prospective relief in the false advertising context is bound by the rules of 'fool me once, shame on you; fool me twice shame on me'").

Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(6) is **DENIED**.

## V.     MOTION TO STRIKE

A motion to strike material from a pleading is made pursuant to Fed.R.Civ.P. 12(f) ("Rule 12(f)"). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to

---

[4] Unlike the plaintiffs in Hinojos, plaintiff here also alleges a claim pursuant to California Civil Code sections §§ 1709-10. However, section 1709 also permits recovery for "any damage," stemming from intentional deception. Defendant does not appear to contend that standing to bring this claim is governed by a different standard than that of the CLRA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored. Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal.1996).

Defendant argues that certain allegations should be struck because they are immaterial and impertinent. Specifically, defendant moves to strike allegations relating to products the named plaintiff has not purchased, pricing representations not relied upon by plaintiff, and other allegedly deceptive conduct not encountered by plaintiff. Furthermore, defendant moves to strike plaintiff's allegations related to coupons like the alleged "20% off your purchase" coupon, Compl. ¶ 13, allegations that Harbor Freight simultaneously advertises different prices for the same product, Id. ¶ 15, and allegations relating to the quality of defendant's product, see e.g. Id. ¶ 62.

An "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, 984 F.2d at 1527 (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 (1990)). "If there is any doubt as to whether the allegations might be an issue in the action, the motion should be denied." William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 9:386 (2016). Similarly, impertinent allegations are those that are not relevant and potentially admissible as evidence in the action. Id. § 9:387.

Additionally, "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." Miller v. Ghirardelli Chocolate Co., 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012).

At this preliminary stage in litigation, having reviewed the allegations at issue, the Court is unable to conclude that the aforementioned allegations have no potentially relevant, admissible connection to plaintiff's claims or those of the class. Plaintiff seeks to represent a class of, "[a]ll individuals in the United States who purchased Defendant's purportedly discounted products, advertised at false 'Sale' prices, for personal, family, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1052-CAS(MRWx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | TED SHIMONO ET AL. V. HARBOR FREIGHT TOOLS USA, INC. | | |

household use, and not for resale, within four years prior to the filing of this Complaint." Compl. ¶ 89. Although plaintiff's purported class is based upon the alleged misleading "sale" prices of defendant's products rather than coupons, multiple simultaneous prices, or the alleged low quality of defendant's products, said allegations are still potentially relevant to plaintiff's claims. In light of the foregoing, defendant's motion to strike is **DENIED**.

## VI.   CONCLUSION

Defendant's motion to dismiss or, in the alternative, strike is **DENIED**.

IT IS SO ORDERED.

|  | 00 | 09 |
|---|---|---|
| Initials of Preparer | CL | |